IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAVUE CORPORATION,<br><br>    Appellant,<br><br>v.<br><br>IN RE HELLER EHRMAN LLP,<br><br>    Appellee. | No. 3:14-cv-03887-CRB<br><br>**ORDER DENYING APPELLANT'S MOTION FOR LIMITED REMAND TO BANKRUPTCY COURT WITH LEAVE TO RENEW** |

Now before this Court is appellant Paravue Corporation's ("Paravue") motion for remand to the bankruptcy court for the limited purpose of allowing that court to rule on Paravue's motion for reconsideration on the merits. Mtn. for Remand (dkt. 19). At the motion hearing on February 20, 2015, the Court requested supplemental briefing on the indicative ruling issue. See Minute Entry (dkt. 29). Having considered the supplemental briefs, the Court DENIES the motion for remand but GRANTS Paravue leave to renew the motion for remand if the bankruptcy court indicates that it is willing to grant the motion for reconsideration or that the motion for reconsideration raises a substantial issue.

## I. BACKGROUND

Paravue filed two claims in bankruptcy court against appellee Heller Ehrman LLP ("Heller"): one for malpractice, and one for breach of fiduciary duty. Id. at 1–2. On July 21, 2014, the bankruptcy court entered summary judgment against Paravue on both claims. Id.

1  On July 23, 2014, Paravue filed a motion to extend the time to appeal the judgment.  See
2  Opp. to Mtn. to Remand (dkt. 23) at 3.  The bankruptcy court granted the motion and
3  extended the deadline to appeal to August 22, 2014.  Id.  On August 21, 2014, thirty-one
4  days after entry of judgment, Paravue filed a motion for reconsideration based on newly
5  discovered evidence.  See Mtn. to Remand at 4; Paravue RJN Ex. A: Mtn. for
6  Reconsideration (dkt. 20).  Paravue filed a notice of appeal the next day, August 22, 2014.
7  See Mtn. to Remand at 4.  Heller opposed the motion for reconsideration on the grounds that
8  the bankruptcy court lost jurisdiction when Paravue appealed.  Id. at 3–4.  After Paravue
9  conceded that the appeal divested the bankruptcy court of jurisdiction to consider the motion
10 for reconsideration, the bankruptcy court denied it for lack of jurisdiction.  See Opp. to Mtn.
11 to Remand at 4–5; Heller RJN Ex. 8: Paravue Response re: Jurisdiction (dkt. 23-1); Paravue
12 RJN Ex. B: Order Denying Mtn. for Reconsideration (dkt. 20).

13  Paravue now asks this Court to remand to the bankruptcy court for the limited purpose
14 of allowing that court to decide the motion for reconsideration on the merits.  Heller argues
15 that Paravue "waived the right" to request such a remand when it did not avail itself of the
16 Rule 62.1 indicative ruling procedure governing Rule 60(b) motions for relief made while an
17 appeal is pending.  See Heller Supp. Brief at 1 (dkt. 33); Fed. R. Civ. P. 62.1.  Paravue
18 argues that because its motion "was made under Bankruptcy Rule 3008, not Rule 60(b)," the
19 indicative ruling procedure does not apply.  See Paravue Supp. Brief at 3 (dkt. 34).  For the
20 reasons discussed below, the Court finds that Paravue has not waived its right to request a
21 remand to the bankruptcy court to allow that court to rule on the motion for reconsideration
22 on the merits.  However, Paravue should obtain an indicative ruling from the bankruptcy
23 court before it makes such a request.

24 **II.   DISCUSSION**

25  As a preliminary matter, Paravue's argument that a motion for reconsideration made
26 under Federal Rule of Bankruptcy Procedure 3008 is distinct from a Rule 60(b) motion is
27 misplaced.  A motion for reconsideration under Bankruptcy Rule 3008 may be made under
28 either Federal Rule of Civil Procedure 59 or 60, which have been incorporated in the Federal

1 Rules of Bankruptcy Procedure as Rules 9023 and 9024, respectively. See In re Arrowhead
2 Estates Dev. Co., 42 F.3d 1306, 1311 (9th Cir. 1994) (holding, in the context of a bankruptcy
3 appeal, that "[a] motion for reconsideration may be brought under either Fed. R. Civ. P. 59(e)
4 or 60(b)"); In re Wylie, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006); Fed. R. B.R. P. 9023, 9024
5 (incorporating Fed. R. Civ. P. 59 and 60). A court finds a motion for reconsideration to be
6 made under Rule 59—that is, Rule 9023—if it is filed within the time frame set forth in that
7 rule. See Wylie, 349 B.R. at 209 (citing In re Aguilar, 861 F.2d 873, 874 (5th Cir. 1988)). In
8 bankruptcy court, a timely Rule 9023 motion must be made no later than fourteen days after
9 entry of judgment. See Fed. R. B.R. P. 9023. If a motion for reconsideration is filed after
10 that time, a court considers it to be made under Rule 60. See Wylie, 349 B.R. at 209 ("When
11 reconsideration under Rule 3008 is sought after the [Rule 9023] appeal period has expired,
12 the motion is subject to the constraints of FRCP 60(b) as incorporated by Rule 9024.")
13 (citing Aguilar, 861 F.2d at 874). Because Paravue filed its motion for reconsideration on
14 August 21, 2014, thirty-one days after entry of judgment, it is properly considered to be
15 made under Rule 60(b).

16 Here, the bankruptcy court had no jurisdiction to decide a Rule 60(b) motion to vacate
17 judgment once Paravue filed its notice of appeal. See Davis v. Yageo Corp., 481 F.3d 661,
18 685 (9th Cir. 2007); In re Bialac, 694 F.2d 625, 627 (9th Cir. 1982) ("Even though a
19 bankruptcy court has wide latitude to reconsider and vacate its own prior decisions, not even
20 a bankruptcy court may vacate or modify an order while on appeal."). Under decades-old
21 case law, however, a trial court may "entertain and decide" a Rule 60(b) motion after a notice
22 of appeal has been filed if the moving party follows the indicative ruling procedure, "which
23 is to 'ask the [trial] court whether it wishes to entertain the motion, or to grant it, and then
24 move [the appeals] court, if appropriate, for remand of the case.'" Davis, 481 F.3d at 685
25 (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 772 (9th Cir. 1986)); see
26 also Bialac, 694 F.2d at 627 n.2 (noting that moving party "should have asked the trial court
27 if it would entertain or grant a motion under Fed. R. Civ. P. 60(b) to grant relief from the
28 initial order, and then, if the lower court indicated it would entertain such a motion, applied

3

to this court for a remand") (citing <u>Crateo, Inc. v. Intermark, Inc.</u>, 536 F.2d 862, 869 (9th Cir. 1976)).  This indicative ruling procedure was codified as Federal Rule of Civil Procedure 62.1 in 2009 and incorporated into the Bankruptcy Rules on December 1, 2014.  <u>See</u> Fed. R. Civ. P. 62.1; Fed. R. B.K. P. 8008.

In its supplemental brief, Heller argues that notwithstanding Bankruptcy Rule 8008 becoming effective on December 1, 2014, well after Paravue filed its motion for reconsideration, the indicative ruling procedure was available to Paravue by virtue of Rule 61.2's applicability to Rule 60(b) motions and the fact that bankruptcy courts had employed it in various cases before Rule 8008 was officially adopted.  <u>See</u> Heller Supp. Brief at 2–3. Heller's argument that the indicative ruling procedure was available to Paravue is well taken. <u>See, e.g.</u>, <u>In re Fort Defiance Hous. Corp.</u>, No. 205-4534 RTB, 2010 WL 1195889, at *1 (D. Ariz. Mar. 22, 2010) (applying indicative ruling procedure and noting "Rule 62.1 did not take effect until after the bankruptcy court's ruling, but "[t]he analysis in this Order would not differ had the new rule been in effect").  However, Heller's argument that absent such an indicative ruling, Paravue's motion for remand is "tantamount to an appeal of a non-appealable order" is not persuasive.  <u>See</u> Heller Supp. Brief at 1.

It is true that denial of "request to 'entertain' a motion to vacate . . . is interlocutory in nature and not appealable."  <u>Scott v. Younger</u>, 739 F.2d 1464, 1466 (9th Cir. 1984).  Here, however, Paravue does not appeal the bankruptcy court's denial of its motion for reconsideration; it appeals the underlying order for summary judgment.  Nor is Paravue's request for remand a "back door" appeal of a non-appealable order—the bankruptcy court did not deny a request to "entertain" a 60(b) motion, nor did it deny a request for an indicative ruling, both of which would have been non-appealable orders.  Instead, the bankruptcy court denied the motion for reconsideration for lack of jurisdiction only.

Paravue's problem is that it should have asked the bankruptcy court for an indicative ruling first, <u>then</u> moved this Court for remand.  <u>See</u> <u>Gould</u>, 790 F.2d at 772.  But Paravue's failure to request an indicative ruling does not necessarily mean that it has waived its right to move for remand entirely.  Where a movant requests remand from an appellate court in order

4

to allow a lower court to consider a Rule 60(b) motion without having obtained an indicative ruling, the proper course of action is to deny the motion for remand but grant the movant leave to renew it if the lower court indicates that it is willing to grant the motion or that the motion raises a substantial issue. See Carriger v. Lewis, 971 F.2d 329, 331 (9th Cir. 1992) (denying motion to remand, informing movant "he must first show that the district court has indicated a willingness to consider the new evidence," and granting leave to renew the motion for remand upon such a showing); In re Matter of Visioneering Const., 661 F.2d 119, 124 n.7 (9th Cir. 1981) (noting that movant's previous motion for remand was denied "without prejudice to its renewal should the lower court indicate it might be inclined to reopen the case").

## III.   CONCLUSION

Appellant Paravue's motion to remand for the limited purpose of allowing the bankruptcy court to decide the motion for reconsideration on the merits is therefore DENIED.  Paravue is GRANTED leave to renew its motion to remand if the bankruptcy court indicates that it would be willing to grant the motion or that the motion raises a substantial issue it wishes to hear.  The Court extends the briefing schedule on appeal (dkt. 27) by three weeks in order to allow Paravue to request an indicative ruling.

**IT IS SO ORDERED.**

Dated: March 4, 2015

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE